Ana P. Hallmon, Esq. (SBN 253309)
Craig L. Schechter, Esq. (SBN 308968)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: ahallmon@sjlawcorp.com
Email: cschechter@sjlawcorp.com

Attorneys for Plaintiffs, Heat and Frost Insulators of Northern California, Local 16 Trust Funds, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEAT AND FROST INSULATORS OF NORTHERN CALIFORNIA LOCAL UNION NO. 16 HEALTH AND WELFARE TRUST FUND; and its JOINT BOARD OF TRUSTEES; MEL BRASHEARS and CRAIG ROSSI, Trustees;<br><br>HEAT AND FROST INSULATORS OF NORTHERN CALIFORNIA LOCAL UNION NO. 16 APPRENTICESHIP TRAINING TRUST FUND; and its JOINT BOARD OF TRUSTEES; MIKE SHIPLEY and CHRIS GREANY, Trustees;<br><br>WESTERN STATES INSULATORS AND ALLIED WORKERS' PENSION PLAN; and its JOINT BOARD OF TRUSTEES; RICK JOHNSON and ERIC FULTS, Trustees;<br><br>WESTERN STATES INSULATORS AND ALLIED WORKERS' INDIVIDUAL ACCOUNT PLAN; and its JOINT BOARD OF TRUSTEES; RICK JOHNSON and ERIC FULTS, Trustees;<br><br>WESTERN STATES INSULATORS AND ALLIED WORKERS' HEALTH PLAN; and its JOINT BOARD OF TRUSTEES; RICK JOHNSON and ERIC FULTS, Trustees;<br><br>Plaintiffs,<br><br>v.<br><br>ONYX INSULATION, a California sole proprietorship, and BAASIM NASSOR MOSI | Case No.<br><br>**COMPLAINT** |

1

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL LOCAL RULE 3-16**
Case No.

KHUFU, individually, and doing business as
ONYX INSULATION,

Defendants.

## Parties

1. The Heat and Frost Insulators of Northern California Local Union No. 16 Health and Welfare Trust Fund ("Health and Welfare Fund"); Heat and Frost Insulators of Northern California Local Union No. 16 Joint Apprenticeship Training Trust Fund ("Apprenticeship Fund"); Western States and Allied Workers' Pension Plan ("Pension Plan"); Western States and Allied Workers' Individual Account Plan ("IAP"); and Western States and Allied Workers' Health Plan ("Health Plan") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Board of Trustees ("Trustees") of said Funds are the named fiduciaries of the Funds under ERISA § 302(a), 29 U.S.C. § 1002(a). Mel Brashears and Craig Rossi are Trustees, and fiduciaries, of the Health and Welfare Fund. Mike Shipley and Chris Greaney are Trustees, and fiduciaries, of the Apprenticeship Fund. Rick Johnson and Eric Fults are Trustees, and fiduciaries, of the Pension Plan, IAP, and Health Plan.  The Health and Welfare Fund, Apprenticeship Fund, Pension Plan, IAP, and Health Plan, and their respective Trustees and fiduciaries are collectively referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. Onyx Insulation, a California sole proprietorship, and Baasim Nassor Mosi Khufu, individualy, and doing business as Onyx Insulation ("Defendants" or "Onyx"), are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

3. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and

2
**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL LOCAL RULE 3-16**
Case No.

conditions of valid Bargaining Agreements.

5.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

6.      Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Pleasanton, California. Thus, jurisdiction and venue are properly grounded with this Court.

7.      Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

8.      The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreements

9.      Defendants entered into a Memorandum of Agreement ("MOU") with the International Association of Heat and Frost Insulators Union Local No. 16 ("Union"). The MOU binds Defendants to the terms of  to the terms of the Master Labor Agreement between the Union and the Western Insulators Contractors Association Northern California Chapter, Inc. ("Bargaining Agreement"), requiring employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreement. Plaintiffs are third party beneficiaries of

3
CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL LOCAL RULE 3-16
Case No.

1  the Bargaining Agreement.

2  10. Under the terms of the Bargaining Agreement, Plaintiffs' Trustees are authorized to collect monies due by Defendants to the following plans: the Heat and Frost Insulators of Northern California Local Union No. 16 Industry Preservation Trust Fund ("Preservation Fund"); Occupational Health and Research Fund; and Industry Promotion Fund (collectively referred to herein as the "Bargained Plans"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plans as well as dues due to the Union under the Bargaining Agreement and Trust Agreements.

11. Under the Bargaining Agreement and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the tenth (10th) day of the month following the month hours were worked, and considered delinquent if not received by the twentieth (20th) day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rate of seven percent (7%) per annum from the day contributions become delinquent to the date payment is made.

12. The Bargaining Agreement further require Defendants to maintain time records or time cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendants are making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

13. On or about September 27, 2019, October 17, 2019, and November 11, 2019, Plaintiffs'

1    auditor, Lindquist CPA, contacted Defendants to schedule an audit and provide records for
2    examination pursuant to the terms of the Local 16 Bargaining Agreement and the governing documents
3    of the ERISA Plaintiffs for the period of September 1, 2018 through present.

4        14.    On or about January 31, 2020, Plaintiffs' counsel sent written demands to Defendants
5    regarding Defendants' failure to respond to the request to schedule and audit and provide records for
6    examination.

7        15.    Defendants have refused to permit an authorized representative of the Plaintiffs to
8    examine all of Defendants' records as necessary to determine whether Defendants have made full
9    payment of all sums owed to the Plaintiffs for the period of September 1, 2018 through present.

10       16.    Plaintiffs are also entitled to recover any and all other contributions, and all liquidated
11   damages and interest on delinquent contributions not specified above, found due on timecards, further
12   audit, or otherwise, including estimated contributions for any months Defendants failed to report to
13   Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to
14   determine whether there are any additional amounts due from Defendants.

**FIRST CAUSE OF ACTION**
**For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

17.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16, above.

18.    Defendants have a contractual duty to timely report and pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein, to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

19.    In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20.    By failing to permit the audit of all of its records, Defendants breached the Bargaining and Trust Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

21. Defendants' failure and refusal to permit the audit was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreement, and incorporated Trust Agreements, by failing to permit the audit as alleged. Said refusal is unjustified and done with knowledge and intent.

22. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

23. This Court is authorized to issue injunctive relief based on the traditional standard; as set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. Further, there is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. Additionally, the balance of hardships and advancement of public interest favor ERISA Plaintiffs.

24. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For an order,

    (a) Requiring that Defendants comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements and Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

    (b) Enjoining Defendants from violating the terms of those documents and of ERISA; and

    (c) Enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendants' business until said terms have been complied with.

2. For a judgment against Defendants as follows:

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL LOCAL RULE 3-16
Case No.

1  (a) Any underpaid and unpaid contributions, due at time of Judgment, including determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

      i. To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

      ii. To the Union in accordance with the Bargaining Agreement.

(b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

3. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

DATED: May 18, 2020   By:   SALTZMAN & JOHNSON LAW CORPORAT[ION]

/S/
Ana P. Hallmon
Attorneys for Plaintiffs, Heat and Frost Insulato[rs]
Northern California, Local 16 Trust Funds, et a[l.]